# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMIE KAY PETITT,

    Plaintiff,

v.

CITY OF VALLEY FALLS, KANSAS, et al.,

    Defendants.

Case No. 17-2366-JAR-KGG

## MEMORANDUM AND ORDER

Plaintiff Jamie Petitt brought this action against the City of Valley Falls, Kansas ("the City"), Chief of Police Bronson Campbell, and the City Council members and Mayor under 42 U.S.C. § 1983, alleging violation of her First Amendment rights by "instigating and inducing" the County Attorney to file charges against Petitt arising out of a complaint she made to the City about Defendant Chief Campbell. Plaintiff also claims Defendants violated her rights under the Fourth Amendment for her malicious prosecution. Before the Court is the Partial Motion to Dismiss filed by Defendants Charlie Stutesman, Andy Dinger, Michael Trower, Betsy Doughramaji, John Thomas, Lucy Thomas and Michael Hahn (collectively the "Governing Body") pursuant to Fed. R. 12(b)(6) and 12(c) (Docs. 15). Plaintiff has failed to respond to the motions and the time to do so has expired. The motion can therefore be granted for failure to file a response. The motion can also be granted on the merits, as described more fully below.

**I.    Failure to Respond**

Plaintiff failed to file a response to the motions to dismiss and the time to do so has expired.[1] Under D. Kan. Rule 7.4,

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

> Absent a showing of excusable neglect, a party or attorney who
> fails to file a responsive brief or memorandum within the time
> specified in D. Kan. Rule 6.1(d) waives the right to later file such
> brief or memorandum. If a responsive brief or memorandum is not
> filed within the Rule 6.1(d) time requirements, the court will
> consider and decide the motion as an uncontested motion.
> Ordinarily, the court will grant the motion without further notice.

As a result of Plaintiff's failure to respond, the Court may grant Defendants' motions to dismiss as uncontested.

## II.   Motion to Dismiss

The Court also finds that the Complaint must be dismissed as to the Governing Body Defendants on the merits for the reasons identified in Defendants' partial motion to dismiss. As set forth in Plaintiff's Complaint, at the time of the alleged events, Defendants Stutesman, Dinger, Trower, Doughramaji, Thomas, and Hahn were elected officials of the City Council; Stutesman was Mayor. On or about October 9, 2015, Chief Campbell prepared a sworn affidavit in which he stated that Plaintiff had committed or planned to commit a crime of harassment of another person by telecommunication device. Chief Campbell sent that affidavit to the County Attorney of Jefferson County, Kansas. Plaintiff claims that Chief Campbell knew or had reason to know that the statements in the affidavit were false. Plaintiff claims she was arrested as a result of the false affidavit.

Later, Plaintiff and other residents of the City organized a Facebook chatroom in which the issue of Chief Campbell's alleged unconstitutional activities, including his arrest of residents without probable cause, posting arrestees' mugshots on Facebook, calling arrestees' employers and landlords to discuss information about crimes arrestees were charged with, and urging employers to fire arrestees and landlords to evict arrestees, were discussed. Defendant Dinger joined the Facebook chatroom and encouraged participants who had complaints concerning

Chief Campbell to voice their complaint at a City Council meeting or file a formal complaint with the City. On November 4, 2016, Plaintiff filed a written complaint against Chief Campbell with the City Clerk. On January 4, 2017, the Governing Body held an executive session to discuss Plaintiff's complaint, then returned to open session and unanimously voted that the complaint was not warranted and to send information to the County Attorney "for possible prosecution." The County Attorney subsequently filed charges against Plaintiff for interfering with law enforcement by falsely reporting information. An arrest warrant was issued and Plaintiff was arrested on those same charges, which were ultimately dismissed. Plaintiff alleges that her arrest was without probable cause and was instigated by the Governing Body members and Mayor. She claims her rights under the First and Fourth Amendment were violated.

First, to the extent they are sued in their individual capacities, it appears that the Governing Body Defendants enjoy legislative immunity, which attaches to all actions taken in the sphere of legitimate legislative activity.[2] The Supreme Court has held city council members' act of voting for an ordinance were "quintessentially legislative," and thus protected by legislative immunity.[3] Because Plaintiff's allegations stem from a vote to refer the matter of her complaint to the County Attorney in retaliation for her making the complaint, the individual Governing Body members enjoy absolute immunity.[4]

Second, even assuming Plaintiff has a viable First or Fourth Amendment claim, the Governing Body Defendants are entitled to qualified immunity. Government officials performing discretionary duties are afforded qualified immunity shielding them from civil

---

[2] *Bogan v. Scott-Harris,* 523 U.S. 44, 54 (1998).

[3] *Id.* at 55.

[4] *See Sable v. Myers,* 563 F.3d 1120, 1126 (10th Cir. 2009) (applying *Bogan* in finding legislative immunity applied to commencement of condemnation action allegedly in retaliation for landowners' successful quiet-title action against the City).

3

damages liability.[5] Qualified immunity shields an individual government official so long as the official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable officer would have known.[6] "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield public officials from harassment, distraction, and liability when they perform their duties reasonably."[7] Whether an official is protected by qualified immunity turns upon the objective legal reasonableness of the official's actions considered in light of the legal rules that were clearly established at the time the official acted.[8]

Courts use a two-step analytical framework for analyzing claims of qualified immunity. The court must determine whether a plaintiff has demonstrated both 1) that the defendant's actions violated the plaintiff's constitutional or statutory rights; and 2) that the right was clearly established at the time the conduct occurred.[9] The court has discretion to address either step first.[10] Here, there is no robust case law suggesting that, under the facts alleged, the law was clearly established at the time the Governing Body voted to refer the matter to the County Attorney, that their actions violated Plaintiff's First or Fourth Amendment rights.

---

[5] *Anderson v. Creighton,* 483 U.S. 635, 638 (1987).

[6] *See Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

[7] *Id.*

[8] *Messerschmidt v. Millender,* 132 S. Ct. 1235, 1245 (2012).

[9] *Siegert v. Gilley,* 500 U.S. 226, 231 (1991).

[10] *Weise v. Casper,* 593 F.3d 1163, 1167 (10th Cir. 2010).

Finally, to the extent Plaintiff brings claims against Defendants in their official capacity, the claims are subject to dismissal because Plaintiff has also sued the City, and therefore the claims are redundant and should be dismissed.[11]

**IT IS THEREFORE ORDERD BY THE COURT** that Defendant Stutesman, Dinger, Trower, Doughramaji, Thomas and Hahn's Partial Motion to Dismiss (Doc. 15) is **granted**.

**IT IS SO ORDERED.**

Dated: October 5, 2017

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[11] *Burns v. City Bd. Cnty. Comm. of the Cnty. of Jackson,* 197 F. Supp. 2d 1278, 1296–97 (D. Kan. 2002); *Sims v. Unified Gov't of Wyandotte Cnty./Kansas City, Kan.,* 120 F. Supp. 2d 938, 944 (D. Kan. 2000).