IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMIE KAY PETITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 17-CV-2366 |
| CITY OF VALLEY FALLS, KANSAS, and ) | |
| BRONSON CAMPBELL, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ADDITIONAL TIME

### I.     INTRODUCTION

The Plaintiff brings this action pursuant to 42 U.S.C. §1983 and alleges, generally, a violation of her rights under the First and Fourth Amendments to the United States Constitution asserting her illegal arrest and seizure [Doc. 56, p. 9-12]. On May 7, 2018 the Defendants filed their Motion for Summary Judgment [Doc. 60]. On May 29, 2018 Plaintiff's counsel filed an unopposed Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment [Doc. 64] which was granted by this Court on May 30, 2018 [Doc. 65] extending Plaintiff's response deadline to **July 2, 2018**. Thus, Plaintiff's present Motion is inaccurate concerning the extended deadline for Plaintiff's response.

The Defendant objects to the present Motion for several reasons. First, Plaintiff's deadline is expired by more than 30 days. Second, Plaintiff's counsel provides no explanation other than his "health" as a basis for missing the July 2, 2018 deadline. Third, Plaintiff's Motion fails to comply with D. Kan. Rule 6.1(a)(1) which is silent as to whether Plaintiff's counsel conferred concerning the present Motion which he did not.

{O0343503}

## II.     ARGUMENTS AND AUTHORITIES

Motions for extending time are governed by Fed. R. Civ. P. 6. Rule 6(b) provides that: when an act may or must be done within a specified time, the court may, for good cause, extend the time:

\*\*\*

(B) On motion made after the time has expired if the party failed to act because

of excusable neglect.

The Supreme Court has recognized that excusable neglect is something of an "elastic concept" and is not limited to "omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick,* 507 U.S. 380, 392 (1993). "The court considers several factors in determining what actions constitute accusable neglect." *Toploski v. Chris Leef Gen. Agency, Inc.,* No. 11-2495-JTM, 2001 W.L. 5921167, \*1 (D. Kan. Nov. 28, 2011). These factors are: (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay in whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party. *Id.* Of the four factors, the "reason for the delay" is an important, "if not the most important," factor in the analysis. *Id* (citing *United States v. Torres,* 372 F. 3d 1159, 1161 (10th Cir., 2004)).

With regard to the first factor, danger of prejudice, Plaintiff's counsel argues that trial is scheduled in March 2019 and granting the Motion will not affect the Court's trial schedule. In actuality, the trial is scheduled beginning April 16, 2019. Nonetheless, the delay caused by Plaintiff's failure to timely file her response severely attenuates the time within which the parties reasonably might receive a memorandum and order from the Court on the Motion for Summary Judgment and directly affects trial preparation.

The second factor, the length of the delay, is not necessarily adverse except those cases analyzing the length of delay and accepting a delay of one to two months as "relatively innocuous" pertain to answers and not responses to motions for summary judgment. See, *Lewis v. Sprint Nextel,* 08-2458-JAR, 2008 W.L. 5263782, *2 (D. Kan., December 5, 2008) (finding a delay of approximately one month between the original deadline and the motion for leave to file an answer out of time was not prejudicial (; *Welch v. Centex Home Equity Co., LLC,* 03-2132-JWL-DJW, 2004 W.L. 2348295, *1 (D. Kan. April 23, 2004) (a delay of two months is "relatively innocuous .").

Contrary to these cases, the delay in filing a response to a motion for summary judgment is not "relatively innocuous." This is particularly true since Plaintiff's first motion for extension of time [Doc. 64] cited "…counsel's workload and other commitments to the courts and clients… as a reason for the extension.

The third factor, the reason for delay, is totally lacking here. While Plaintiff's counsel suggests that his health was the reason for missing the deadline his motion is premised upon his erroneous understanding of the original deadline. That deadline was July 2, 2018. Had the deadline been August 6, 2018 the request for an additional 12 days, if combined with a reasonable reason for delay, would have been understandable. Here, Plaintiff's counsel provides no explanation as to why his Motion for Extension of Time was not placed on file on or before July 2, 2018. That is, Plaintiff gives no explanation of "excusable neglect" for his delay.

Finally, the last factor, the existence of good-faith, is not supported by the Motion. In fact, the reference to the deadline being August 6, 2018 belies good-faith.

With regard to D. Kan. Rule 6.1(a)(1), Plaintiff's counsel has not conferred nor indicated in the motion whether counsel did or did not confer.

### III. CONCLUSION

Based upon the foregoing arguments and authorities the Plaintiff has failed to meet her burden of proof to show excusable neglect and Plaintiff's Motion should be denied.

{O0343503}

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


  /s/  Michael K. Seck
Michael K. Seck, #11393
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas  66210
913.339.6757/Fax: 913.339.6187
mseck@fisherpatterson.com
ATTORNEY FOR DEFENDANT

{O0343503}

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on August 7, 2018, a copy of the foregoing pleading was electronically filed with the Clerk of the U.S. District Court for the District of Kansas, and a service copy was served electronically on the following:

Prince Adebayo Ogunmeno
155 S. 18th Street, Ste. 250
Kansas City, KS 66102-5654
(913) 233-2133
aikogun@ogunmenolawfirm.com
ATTORNEY FOR PLAINTIFF

                /s/  Michael K. Seck

{O0343503}