IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMIE PETITT                        }
               Plaintiff,      }         Case No. 17-CV-2313
v.                                  }
                                }
BRONSON CAMPBELL, et al             }
               Defendants.    }

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

COMES NOW plaintiff Jamie Petitt, by and through her attorney of record, and for her response to defendant motion for summary judgment, hereby moves the court to deny same because defendant Campbell is not entitle to judgment as a matter of law. In support, plaintiff shows the court the following:

**RESPONSE TO DEFENDANT'S STATEMENT OF
CONTROVERTED/UNCONTROVERTED FACTS**

1. Allegations in paragraphs 1 -12 are uncontroverted.

2. Allegations in pragraphs 13 and 14 are uncontroverted. However, plaintiff object to any legal conclusion that could be drawn.

3. Allegation in paragraphs 15- 55 are uncontroverted.

4. Allegations in paragraphs 56 is controverted. Plaintiff object as argumentative.

5. Allegations in paragraph 57 uncontroverted. However, plaintiff add that the State's appeal was dismissed.

6. Allegations in paragraphs 58-79 are uncontroverted.

**ARGUMENT AND AUTHORITIES**

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. In making that determination, a court must view the evidence in the light most favorable to the opposing party. Tolan v. Cotton, 572 U.S.  , 134 S.Ct.1861, 1866, 188 L.Ed.2d 895 (2014); Hall v. Bellman, 935 F.2d 1106 (10th Cir. 1991); and Adler v. Wal-Mart Stores, Inc., 144 F.3d 664 (10th Cir. 1998). In making that determination, a court must view the evidence in the light most favorable to the opposing party.

I.   **Defendant Campbell violated plaintiff's rights under 42 U.S.C. § 1983 against false arrest and malicious prosecution**.

The 42 U.S.C. § 1983 of the Civil Rights Act of 1871, as amended provides as follows:

> "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any  State or Territory, subjects, any citizen of the United States or other person within the jurisdiction  thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and  laws, shall be liable to the party injured in an action at law, suit in equity, or other proper  proceeding for redress."

It has been held that section 1983 affords a "civil remedy" for deprivations of federally protected rights caused by persons acting under color of state law without any express requirement of a particular state of mind. Accordingly, in any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. See *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5

L.Ed.2d 492 (1961); *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); and *Dewell v. Lawson*, 489 F.2d 877 (10th Cir. 1974). See also, *Elliot v. Chicago, Rock Island & Pac. Rld. Co.*, 203 Kan. 273, 284, 454 P.2d 124 (1969); and *Brown v. State*, 261 Kan. 6, 15, 927 P.2d 938 (1996).

A. **First required element of a § 1983 violation met – Defendant acted under color of state law**.

The first element of a § 1983 violation requires plaintiff to show that the conduct complained of was committed by a person acting under color of state law. The record in this case is undisputed that defendant Campbell was acting under color of state law when he caused plaintiff's to be arrested

Applying the rule enunciated in *Monroe* v. Pape, 365 U.S. 167, and its progeny to the fact in this case, the plaintiff successfully carried the first required element having shown that defendant was acting under the color of state law and caused plaintiff to be arrested and prosecuted. Therefore, plaintiff is entitled to summary judgment on the issue whether defendant is acting under color of state law because there remains no disputed genuine issue of material facts.

B. **The second element of a § 1983 violation met – Defendant conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States**.

The second required element of a violation of § 1983 is a showing that the complaint of conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. In this case, plaintiff's arrest and incarceration certainly denied and

deprived plaintiff of her freedom and liberty guaranteed by the Fourth Amendment to the United States Constitution.

Having shown that defendant Campbell's action deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States while defendant was acting under color of state law, plaintiff successfully established defendant violated plaintiff's rights under 42 U.S.C. § 1983.

**WHEREFORE**, plaintiff prays the court grants summary judgment against defendant Campbell because there remain not genuine issues of material facts and plaintiff is entitled to judgment as a matter of law on the issue whether defendant Campbell action deprived plaintiff of a federal right.

II.     **Defendant Campbell is not entitled to qualify immunity**

Plaintiff defendant Campbell is entitled to qualify immunity. This is why. Qualified immunity is unavailable if an official knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the plaintiff. In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry.

The first asks whether the facts, taken in the light most favorable to the party asserting the injury show the officer's conduct violated a federal right. The second asks whether the right in question was clearly established at the time of the violation.

A right is clearly established if it would be clear to a reasonable officer that his conduct was unlawful in the situation. *Cortez v. McCauley*, 478 F.3d 1108, 1114 (10th Cir. 2008) (en banc); *Sanchez v. Hartley*, 810 F.3d 750 (10th Cir. 2016). Ordinarily, this means that there must

be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains. However, officials can still be on notice that their conduct violates established law even in novel factual circumstances. A plaintiff need not cite a factually identical case to demonstrate the law was clearly established. A plaintiff may therefore carry the burden of demonstrating a right is clearly established by citing cases that have a sufficient degree of factual correspondence to enable a reasonable officer to know that the officer's acts violated the plaintiff's constitutional or statutory rights. *Baptiste v. J. C. Penney Co.*, 147 F.3d 1252, 1257 n.9 (10th Cir. 1998).

A.   **Defendant instigated plaintiff's arrest and prosecution**.

It is a well settled rule that plaintiff may show that government official objectively and/or subjectively knew of the substantial risk of harm by circumstantial evidence or "from the very fact that the risk was obvious." See *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). In the case at hand, the defendant suggested in his report to the prosecuting authority that plaintiff intends to continue to contact the alleged victim, while in fact Wilson was asking questions if plaintiff could talk on facebook. (See warrant affidavit and video tape defendant submitted to court). Apparently, it was this point that persuaded the prosecuting authority to arrest and prosecute plaintiff.

In addition, the defendant certainly knew or have reasons to know that a foreseeable very high specific risk exists that plaintiff will be arrested based on the threat to continue contact with the victim having been warned to stop facebook contact with the alleged victim. It should be noted that plaintiff did not contact the alleged victim after she was warned not to do so. Despite this knowledge, however, the defendant disregarded the risk to plaintiff. Eventually, the

foreseeable event ultimately occurred - plaintiff was arrested and prosecuted. Based on these set of circumstances, the Tenth Circuit has held that government official in defendant's position must be held liable for deliberate indifference to predictable constitutional violation of plaintiff's rights. See *Estate of Hocker v. Walsh*, 22 F.3d 995 (10th Cir. 1994) and *Martinez v. Beggs*, 563 F.3d 1082 (10th Cir. 2009).

Applying the rule enunciated in *Farmer v. Brennan*, 511 U.S. 825, to fact in this case, the defendant is not entitled to qualify immunity because plaintiff has shown that the defendant's conduct violated a federal right and the defendant conduct displayed a reckless disregard and deliberate indifference to predictable constitutional violation of plaintiff's rights.

B.      **The law against arrest without probable cause was clearly established**.

 The law against arrest without probable cause was clearly established and has its root from the Fourth Amendment to the United States Constitution. The Fourth Amendment forbids "unreasonable searches and seizures," and this usually requires the police to have probable cause or a warrant before making an arrest. *Arizona v. Evans*, 514 U.S. 1, 10, 115 S.Ct. 1185, 131 L.Ed.2d 34 (1995) and *Herring v. US*, 555 U.S. 135, 129 S.Ct. 695, 172 L.Ed.2D 496 (2009).

In this case, plaintiff was arrested without probable cause. The record shows that the arresting officer does not have any probable cause that plaintiff has committed a crime, or is about to commit any crime when the arrest took place in his present since the alleged crime was a misdemeanor. In this case, because the alleged crime was a misdemeanor where no preliminary hearing is afforded defendant, the dismissal hearing stood as the probable cause hearing. Hence, the trial court finding that no crime has been committed clearly established no probable cause existed to arrest and prosecute plaintiff. Defendant's claims to the contrary lacks merit.

Applying the rule enunciated in *Cortez* and *Baptise* to the facts in this case, the defendant is not entitled to qualify immunity because the law governing arrest without probable was clearly established prior to plaintiff's arrest in this case. See, *Arizona v. Evans*, 514 U.S. 1, 10, 115 S.Ct. 1185, 131 L.Ed.2d 34 (1995) and *Cook v. City of Topeka*, 232 Kan. 334, 654 P.2d 952 (1982).

**WHEREFORE**, plaintiff prays the court to deny defendant's motion for summary judgment because defendant Campbell is not entitled to summary judgment as a matter of law.

II.     **Claim against the City of Valley Falls, Kansas**.

Because of the intervening prosecuting authority's actions in charging plaintiff with crime in this matter, plaintiff will leave the issue whether the City is entitled to judgment as a matter of law based on the fact in this case to the court to decide.

> Respectfully submitted,
> OGUNMENO LAW FIRM, LLC
>
> /s/ Prince Adebayo Ogunmeno
> Prince Adebayo Ogunmeno KS # 14808
> 155 S. 18th Street, Suite 250
> Kansas City, Kansas 66102-5654
> Tel. (913) 233-2133
> aikogun@yahoo.com
> aikogun@ogunmenolawfirm.com
> *Attorney for the Plaintiff*.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the above and foregoing was electronically filed on this August 20, 2018, with the clerk of the court using the CM/ECF system, which sent electronic notification of such filling to all those individuals currently electronically registered with the court.

/s/Prince Adebayo Ogunmeno
Prince Adebayo Ogunmeno KS # 14808